# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JANICHOLAS VANKEITH SCOTT, #L1786**                                **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 5:18-cv-44-DCB-MTP**

**MANAGEMENT TRAINING CORPORATION, et al.**                    **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF DR. BURKE'S MOTION TO DISMISS

Defendant Doctor James Burke ("Dr. Burke"), through counsel, submits this memorandum of law in support of his Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). In this case, Janicholas Vankeith Scott ("Plaintiff") accuses Dr. Burke of violating his constitutional rights via delayed and denied medical treatment. But Plaintiff's pleadings do not support these claims. No factual allegations even suggest Dr. Burke acted with deliberate indifference to the Plaintiff's serious medical needs or that any action or inaction by Dr. Burke caused him substantial harm. Such pleading does not plausibly state constitutional violations. Plaintiff's claims against Dr. Burke should be dismissed with prejudice.

## Procedural History and Factual Allegations

On April 30, 2018, Plaintiff, a *pro se* litigant incarcerated at the Wilkinson County Correctional Facility ("WCCF") at all relevant times, filed a Complaint under 42 U.S.C. § 1983. [Doc. 1]. On June 14, 2018, Plaintiff filed an Amended Complaint. [Doc. 9]. Generally, Plaintiff's complains of his cell conditions, bed, and medical care. Plaintiff alleges he was exposed to black mold in his cell for 82 days, falling ill as a result. [Doc. 1] at 4. Plaintiff contends he repeatedly requested to be removed from cell and submitted three sick requests before being treated. *Id.* Plaintiff recalls giving his sick requests to an unnamed nurse and officers—but not

Dr. Burke. *Id.* at 7. Plaintiff admits that a nurse—not Dr. Burke—treated his sore throat and congestion on February 19, 2018. *Id.* at 8, 9; [Doc. 9] at 9, 17.

At that same medical visit, Plaintiff noted a cut on his body that he'd been treating with antibiotic ointment. [Doc. 9] at 4, 8. The nurse—not Dr. Burke—decided treatment was unnecessary because the cut was healing. *Id.* Supposedly, Plaintiff incurred this cut on January 15, 2018, after jumping from his bed. [Doc. 1] at 10; [Doc. 9] at 4, 8, 9. Plaintiff claims a large section is of the bed is cut out, and that he has requested repairs to or replacement of the bed. *Id.*

According to Plaintiff, the continued confinement to his cell and bed; delayed medical care; and denied medical treatment for his cut violate his constitutional rights. *Id.* at 10. To better understand these claims and the named defendants, the Court ordered Plaintiff to provide more information, specifically regarding Jody Bradley and Dr. Burke. [Doc. 6]. Plaintiff responded on May 29, 2018, clarifying that he did not consider Warden Jody Bradley to be a Defendant. [Doc. 7 at 1]. As for Dr. Burke, Plaintiff contends he should be a Defendant solely because Dr. Burke responded to Plaintiff's Second Step in the Administrative Remedy Program. *Id.* at 2, 3. But in that same breath, Plaintiff admits that "Dr. Burke himself may not directly be the deficient cause of the major delay" and that he "wasn't personally treated by Dr. Burke nor did [he] have any type of contact or conversation with him about recieving *[sic]* medical treatment." *Id.* at 1-2.

## **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff fails "to state a claim upon which relief may be granted." In order to survive a motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (holding that "dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove

no set of facts in support of claim that would entitle him to relief," abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The factual allegations must be clear enough to raise a right to relief above the speculation level. *Prince v. Curry*, 423 Fed. App'x. 447, 449 (5th Cir. 2011).

## Argument

Even if the Court accepts Plaintiff's factual allegations as true, Plaintiff has not stated a claim for relief against Dr. Burke. Neither pleadings nor facts connect the alleged delay and denial of medical treatment to Dr. Burke. In fact, Plaintiff concedes that Dr. Burke may not be the cause of the delay in treatment. In any event, Plaintiff has not alleged the delay resulted in substantial harm. The only allegation connecting Dr. Burke to Plaintiff stems from Dr. Burke's responding to Plaintiff's Second Step grievance, but that alone cannot be the basis of a deliberate indifference claim. Such pleading falls short of the plausibility standard and warrants dismissal of Plaintiff's claims against Dr. Burke.

### I. Plaintiff fails to connect Dr. Burke to the alleged deliberate indifference.

"In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate deliberate indifference to the serious medical needs of prisoners which constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Sandifer v. Randel*, No. 1:11CV006–D–D, 2011 WL 666734, at *2 (N.D. Miss.

3

Feb. 14, 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)) (internal quotations omitted).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal citations omitted). Indeed, unsuccessful medical treatment, acts of negligence, incidents of medical malpractice, a prisoner's disagreement with his medical treatment—none of these events satisfy the deliberate indifference standard. *Pacheco v. Corrs. Corp. of Am.*, No: 5:14–cv–88–DCB–MTP, 2015 WL 5156771, at *3 (S.D. Miss. Sept. 2, 2015) (citing *Gobert v. Caldwell*, 463 F. 3d 339, 346 (5th Cir. 2006)); *see also Battle v. Jones*, No. 09-cv-1446, 2010 WL 545392, at *2 (W.D. La. Feb. 11, 2010) ("A plaintiff's disagreement with the medical treatment received or a complaint that the treatment received has been unsuccessful is insufficient to set forth a constitutional violation.") (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Instead, the deliberate indifference standard is "one of subjective recklessness as used in the criminal law." *Tynes v. Byrd*, No. 4:07CV209-P-A, 2008 WL 660419, at *1 (N.D. Miss. March 6, 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Sandifer*, 2011 WL 666734, at *2 (quoting *Farmer*, 511 U.S. at 837).

"Proof of deliberate indifference requires [Plaintiff] to show that *the defendant*[] 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Hutchins*

*v. Walker*, No. 3:08cv688–JCS, 2009 WL 3426797, at *2 (S.D. Miss. Oct. 23, 2009) (*quoting Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001)) (emphasis added).

In *Hutchins*, the plaintiff accused various prison and medical staff of deliberate indifference for failing to change his bunk assignment and provide orthopedic shoes. *Hutchins*, 2009 WL 3426797, at *2. The court ultimately granted summary judgment for the defendants, finding insufficient evidence to establish that any of the defendants were subjectively aware of a serious medical need to which they were intentionally or deliberately indifferent. *Id.* One defendant was not involved in any way with Plaintiff's medical treatment or classification. *Id.* The second defendant's only involvement was to review the plaintiff's administrative grievance and respond in reasonable reliance upon the medical opinions of prison healthcare professionals. *Id.*

Based on Plaintiff's pleadings, Dr. Burke is no different than the *Hutchins* defendants. Plaintiff has acknowledged that Dr. Burke did not personally treat or have any contact with him. Plaintiff has admitted to giving his sick requests to a nurse and officers—not Dr. Burke. And Plaintiff has conceded that Dr. Burke may not be the cause of the purported delay. The lone connection between Plaintiff and Dr. Burke is limited to Dr. Burke's responding, in reliance upon the treating nurse's medical opinion, to Plaintiff's administrative grievance. The *Hutchins* court found this connection insufficient; so too should this Court.

In sum, Plaintiff has failed to allege Dr. Burke 'refused to treat [Plaintiff], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* Plaintiff has thus failed to sufficiently allege deliberate indifference by Dr. Burke. His claims should be dismissed.

**II.     Plaintiff does not allege the delayed medical attention caused substantial harm.**

In cases arising from delayed, rather than denied, medical attention, a plaintiff must establish the delay constituted deliberate indifference *and* demonstrate that the delay caused substantial harm. *Hurd v. Stanciel*, No. 4:15CV73-SA-JMV, 2015 WL 10889995, at *2 (N.D. Miss. Dec. 10, 2015); *see also Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). A plaintiff sufficiently pleads this additional element by alleging "facts that indicate he has or will suffer substantial harm." *Lumpkin v. Bearry*, No. 4:06CV88-M-B, 2006 WL 2850352, at *2 (N.D. Miss. Oct. 4, 2006).

Plaintiff has failed to allege such facts. Plaintiff does not allege that the delay caused substantial harm or that absent the delay, his cut or respiratory issues would have healed faster. Instead, Plaintiff generally complains that he "suffered severly *[sic]* with illnesses, anxiety, and stress due to being forcefully confined to a health hazardous housing as well as being under a major deal to receive medical treatment" and "[t]o this day [] still ha[s] shortness of breathing." [Doc. 1] at 4. "But those averments are too conclusory for the Court to consider." *Brown v. Hood*, 2018 WL 651370, at *5 (S.D. Miss. Jan. 31, 2018) (citing *Iqbal*, 556 U.S. at 678).

Ultimately, Plaintiff "provides no facts in his [pleadings] explaining how the alleged delay—as opposed to the [continued confinement to this cell] or any other alleged wrongdoing—caused substantial harm." *Brown,* 2018 WL 651370, at *5. This failure dooms Plaintiff's claim for delayed medical care and supports dismissal of the same. *See id.* (granting 12(b)(6) motion to dismiss for failure to allege facts indicating delay in medical care caused substantial harm).

## Conclusion

The claims against Dr. Burke are ripe for dismissal. Despite having a second chance to clarify his claims, Plaintiff has wholly failed to state a claim against Dr. Burke. Plaintiff complains of denied and delayed medical care. But no facts connect these allegations to Dr. Burke. In fact,

Plaintiff's pleadings do the opposite: They make clear that Dr. Burke did not receive any of Plaintiff's sick requests, treat his ailments, or refuse to treat his cut. Additionally, Plaintiff fails to allege he suffered substantial harm from the purported delay in medical care. This insufficient pleading dooms Plaintiff's claims against Dr. Burke; they should be dismissed with prejudice.

Respectfully submitted, this day, August 14, 2018.

*/s/ Stevie F. Rushing*
Stevie F. Rushing (MSB# 105534)
Michael J. Bentley (MSB# 102631)
Molly M. Walker (MSB# 100689)
Erin Saltaformaggio (MSB# 103999)
mbentley@bradley.com
mmwalker@bradley.com
esaltaformaggio@bradley.com
srushing@bradley.com

*Attorneys for Defendant Dr. James Burke*

OF COUNSEL
Bradley Arant Boult Cummings, LLP
One Jackson Place
188 East Capitol Street, Suite 400
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

## **CERTIFICATE OF SERVICE**

I hereby certify that on August, 14th, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and mailed via U.S. Mail, postage prepaid to:

Janicholas Vankeith Scott #L1786
WCCF
P.O. Box 1889
Woodville, MS  39669

*Pro Se Plaintiff*

                                                                */s/ Stevie F. Rushing*
                                                                  OF COUNSEL